UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROGELIO MEDINA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:13-cv-885 (VLB) |
| | : | |
| C/O WHITEHEAD, | : | July 24, 2014 |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. #17]**

The plaintiff, incarcerated and pro se, commenced this case under 42 U.S.C. § 1983 against defendant Correctional Officer Whitehead. The plaintiff alleges that defendant Whitehead called him a snitch and child molester causing several inmates to attempt to fight with the plaintiff. The defendant moves to dismiss the complaint on the ground that the plaintiff fails to allege facts supporting an Eighth Amendment violation. For the reasons that follow, the defendant's motion is denied.

I.    **Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Port Wash. Teachers' Ass'n v. Bd. of Educ. of Port Wash. Union Free School Dist., 478 F.3d 494, 489 (2d Cir. 2007). The court considers not whether

1

the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Iqbal, 556 U.S. at 679).  Even under this standard, however, the court liberally construes a pro se complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.   Facts

The plaintiff alleges that in January and February 2013, the defendant told inmates in the plaintiff's housing unit that he was a pedophile.  In February 2013, the defendant also told several inmates that the plaintiff was a "snitch" and that

he should be punched in the mouth for "snitching."  The plaintiff complained to the unit manager and captain but was ignored.  As a result, four inmates tried to fight the plaintiff.

### III.     Discussion

Prison officials have a duty to make reasonable efforts to ensure inmate safety.  This duty includes protecting inmates from harm at the hands of other inmates.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997).  To establish a constitutional violation, a prisoner must show that the conditions of his incarceration posed a substantial risk of serious harm and that the prison official was deliberately indifferent to his safety.  See Farmer, 511 U.S. at 834.  Deliberate indifference exists where the official both knows of and disregards an excessive risk to inmate safety.  See id. at 837.

Identifying an inmate as a snitch poses a threat to the inmate's health and safety.  See Campbell v. Gardiner, No. 12-CV-6003P, 2014 WL 906160, at *4 (W.D.N.Y. Mar. 7, 2014) (citing cases).  Intentionally exposing an inmate to the risk of harm, as alleged here, with no penological purpose is indicative of deliberate indifference to the inmate's safety at best and manifests an intent to harm the inmate at worst, thus constituting cruel and unusual punishment in violation of the 8th amendment to the U. S. Constitution.  See Whitley v. Albers, 475 U.S. 312, 319-322 (1986).  To state a claim, however, the inmate also must allege facts from which the court can infer that he suffered physical injury or that the threat of physical injury was imminent.  See Campbell, 2014 WL 906160, at *4.  The Second

Circuit has required a plaintiff to allege that he was assaulted, that he was threatened with assault or that there were credible rumors of an impending assault.  See Dawes v. Walker, 239 F.3d 489, 494 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

The defendant argues that the plaintiff fails to state a cognizable claim for deliberate indifference to his safety because he fails to allege the dates on which four inmates attempted to start a fight with him, the names of those inmates, or any statements by the inmates linking the attempted fights with the comments made by the defendant.  In addition, the defendant contends that the plaintiff does not allege that, after the comments but before the attempted fights, he was aware of any danger to him posed by the comments or that he communicated to correctional staff a fear of assault by any particular person.

The federal rules continue to require only notice pleading.  The plaintiff is required only to include sufficient facts to apprise the defendant of his claims against him.  See, e.g., Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 454 (2013) (noting that plausibility requirement "should not be construed as a revolutionary redrafting of the notice pleading requirement that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'").  The plaintiff is not required to plead the myriad details described by the defendants.  See id. at 454-55 (cautioning defendants against attempting to try case based solely on allegations of complaint).  In addition, the Second Circuit has specifically held that pro se litigants are held to a more liberal

4

pleading standard, even under the plausibility standard. See Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008).

The plaintiff has alleged that, as a result of the defendant's comments labeling him as a snitch and suggesting that he should be assaulted, four inmates tried to fight with him.  Thus, the plaintiff has alleged sufficient facts to indicate a threat of harm as a result of the defendant's statements, particularly since this is not the typical case where correctional officials played no role in exposing the inmate to the risk of harm.  Here, Whitehead is alleged to have told inmates in the plaintiff's housing unit that he was a pedophile and several inmates that the plaintiff was a "snitch" and that he should be punched in the mouth for "snitching." In so pleading, the Plaintiff has alleged with sufficient particularity that Whitehead was aware of the source of the harm to which he had been subjected. The court considers these allegations sufficient to state a claim for failure to protect.

IV. Conclusion

The defendant's motion to dismiss [Doc. #17] is DENIED.

SO ORDERED at Hartford, Connecticut this 24th day of July 2014.

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　Vanessa L. Bryant
　　　　　　　　　　　　　　　　　　　　United States District Judge